**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GAIL LINK                                       CIVIL ACTION NO. 25-1896

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

RICHARD LEE, ET AL.                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Holly Lee's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Record Document 17). The Motion is fully briefed. See Record Documents 22 & 25. For the reasons stated below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This matter arises from a dispute concerning the governance and management of Total Imaging Concepts, Inc. ("TICI"), a Louisiana corporation. Plaintiff, Gail Link, in her capacity as administrator of the Succession of Michael P. Link (hereinafter "the Succession"), brings this action derivatively on behalf of TICI against Defendants Richard Lee and Holly Lee, both of whom serve as directors of TICI. See Record Document 1 at 1–4.

According to the Complaint, TICI is a domestic corporation organized under the laws of Louisiana. See id. at 3. The Succession alleges that Holly Lee has served as a member of TICI's Board of Directors since September 26, 2024, and has participated in corporate governance and decision-making in that role. See id. at 5. Further, the Succession contends that, as directors, Richard Lee and Holly Lee owe fiduciary duties to TICI and its shareholders. See id. at 12–13. The Succession contends that Defendants

breached those duties through actions taken in connection with the management and operation of the corporation. See id. The Complaint characterizes Defendants' actions as part of a broader course of conduct that caused harm to TICI. See id. at 5–8. The Succession seeks relief on behalf of the corporation through this derivative action. See id. at 10.

The Complaint further alleges that Holly Lee is a resident of Tennessee, and that the Succession is administered in Ohio. See id. at 2–3. The Succession contends that Defendants' roles as directors of a Louisiana corporation subject them to the jurisdiction of this Court. See id. at 3. Holly Lee now moves to dismiss for lack of personal jurisdiction. See Record Document 17.

## LAW AND ANALYSIS

### I.    Legal Standard under FRCP 12(b)(2)

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N'Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Laplan, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. See Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC, Civil Action No. 16-448-JWD-EWD, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained

2

in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." <u>Bullion v. Gillespie</u>, 895 F.2d 213, 217 (5th Cir. 1990) (<u>quoting</u> <u>D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.</u>, 754 F.2d 542, 546 (5th Cir. 1985)).

**II.      Analysis**

The principal question before the Court is whether it may exercise personal jurisdiction over Holly Lee. However, in resolving that question, the Court must first address the interplay between the fiduciary shield doctrine and La. R.S. § 12:1-742.2, as the Succession seeks to hale into this Court a nonresident director of a Louisiana corporation in a shareholder derivative action alleging breach of fiduciary duties. The Court will first address those principles and then turn to the ultimate personal jurisdiction analysis.

a.  <u>Fiduciary Shield Doctrine</u>

In determining whether the Court has personal jurisdiction over a director or officer of a corporation, the Court must consider the fiduciary shield doctrine. This doctrine "holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has *in personam* jurisdiction over the corporation." <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1197 (5th Cir. 1985); <u>see also</u> <u>MCR Mktg., L.L.C. v. Regency Worldwide Servs., L.L.C.</u>, No. CIV. 08-1137, 2009 WL 728523, at *5 (W.D. La. Mar. 18, 2009).

In other words, "a court is prevented from exercising jurisdiction over individual officers and employees of a corporation merely because the court has jurisdiction over the corporation itself." <u>Total Imaging Concepts, Inc. v. Link</u>, No. CV 22-5954, 2024 WL

3445491, at *3 (W.D. La. July 16, 2024) (citing Cobb Indus., Inc. v. Hight, 469 So.2d 1060, 1063 (La. App. 2 Cir. 5/8/85)). The fiduciary shield doctrine "is rooted in the principle that the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity." Escoto v. U.S. Lending Corp., 675 So. 2d 741, 745 (La. App. 4 Cir. 5/22/96). The fiduciary shield doctrine requires the Court to "look to the individual and personal contacts, if any, of the officer or employee, with the forum state." Id.

It is important to note that the doctrine does not categorically bar the exercise of jurisdiction over a corporate officer or director merely because the challenged conduct was undertaken in that capacity. As Judge Foote explained in House of Raeford Farms of Louisiana L.L.C. v. Poole, the doctrine does not prevent the exercise of personal jurisdiction over a corporate officer who is alleged to have committed tortious conduct for which he may be held individually liable. See No. 19-271, 2021 WL 3673901, at *6 (W.D. La. Mar. 18, 2021). Thus, the proper question is not whether the defendant acted as a director, but whether the plaintiff seeks to establish jurisdiction solely from the corporation's contacts, or instead from the defendant's own alleged conduct giving rise to individual liability. See id.; see also Total Imaging Concepts, Inc. v. Link, 2024 WL 3445491, at *4.

In this case, the Succession alleges that Holly Lee, in her role as a director, participated in the acts constituting the alleged breaches of fiduciary duties. Accordingly, the fiduciary shield doctrine does not foreclose jurisdiction at the outset. Instead, it limits the Court to consideration of Holly Lee's own alleged contacts with Louisiana, and not

4

merely TICI's corporate contacts generally. The Court is mindful of this principle in the analysis that follows.

b. La. R.S. § 12:1-742.2

Personal jurisdiction requires both a statutory basis and compliance with due process. See Raphiel v. Haley Residential Inc., No. CV 22-0427, 2023 WL 2061242, at *3 (W.D. La. Feb. 16, 2023). Louisiana's long-arm statute is coextensive with due process, but this case implicates a more specific statute. La. R.S. § 12:1-742.2 provides:

> A court may exercise personal jurisdiction over a nonresident who is or has been a director of a domestic corporation as to a cause of action arising from a breach by the nonresident of a duty owed to the corporation or its shareholders because of the nonresident's position as a director.

Here, this suit is pleaded as a shareholder derivative action on behalf of a Louisiana corporation, and the claims asserted against Holly Lee arise from her alleged breaches of fiduciary duties owed to TICI and its shareholders because of her position as a director. See Record Document 1 at 8–11, 12–13. Accordingly, § 12:1-742.2 is applicable and provides the necessary statutory hook for the exercise of jurisdiction over a nonresident director in this case.[1]

However, even where a statute authorizes jurisdiction, the exercise of jurisdiction must still comport with due process. See House of Raeford, 2021 WL 3673901, at *3. Therefore, the Court must now determine whether Holly Lee has sufficient minimum contacts with Louisiana so that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. See id.

---

[1] In Total Imaging Concepts, Inc. v. Link, another court within the Western District of Louisiana declined to apply La. R.S. § 12:1-742.2. See 2024 WL 3445491, at *4. However, that case is distinguishable. There, the court found that the action was not a derivative proceeding, so the statute was inapplicable. See id. Here, by contrast, the Succession expressly brings a shareholder derivative action on behalf of a Louisiana corporation, and the claims arise from alleged breaches of fiduciary duties owed in the defendant's capacity as a director. Accordingly, § 12:1-742.2 applies in this case.

5

III.    Personal Jurisdiction

Under Fifth Circuit precedent, personal jurisdiction over a defendant exists if (1) the state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Louisiana long-arm statute extends as far as due process permits. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the benefits and protection of Louisiana by establishing "minimum contacts" with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Under the minimum contacts test, a defendant may be subject to either "general jurisdiction" or "specific jurisdiction." See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.'" Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." Johnston, 523 F.3d at 609 (quoting Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002)). "For an individual, the paradigm forum for the exercise of general jurisdiction

6

is the individual's domicile[.]" <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 924, 131 S. Ct. 2846 (2011).

Here, Holly Lee is alleged to be a resident of Tennessee. <u>See</u> Record Document 1 at 4. Accordingly, she is not subject to general jurisdiction in Louisiana. Thus, the Court turns to the question of specific jurisdiction.

Specific jurisdiction exists where a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" <u>Panda Brandywine Corp. v. Potomac Elec. Power Co.</u>, 253 F.3d 865, 868 (5th Cir. 2001) (<u>quoting</u> <u>Alpine View Co. v. Atlas Copco A.B.</u>, 205 F. 3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." <u>Ruston Gas Turbines Inc. v. Donaldson Co.</u>, 9 F.3d 415, 419 (5th Cir. 1993) (quoting <u>World–Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S. Ct. 580 (1980)). The Fifth Circuit has formulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

<u>Seiferth v. Helicopteros Atuneros, Inc.</u>, 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted).

At this stage, the Court must determine whether the Succession has made a prima facie showing that Holly Lee has sufficient minimum contacts in Louisiana. The Succession's opposition and supporting declaration assert that Holly Lee accepted appointment to TICI's Board of Directors on September 25, 2024, and signed and

returned that acceptance to TICI and/or its counsel in Louisiana. See Record Document 22-1 at 2. The Succession further asserts that Holly Lee was identified in TICI's annual report filed with the Louisiana Secretary of State as both a director and secretary of TICI. See id. at 2–3. The Succession also contends that Holly Lee participated in multiple board meetings with Richard Lee by telephone, attended the April 16, 2025, shareholder meeting in Shreveport, Louisiana, and signed various corporate resolutions and bylaws that the Succession alleges were part of the challenged course of conduct. See id. at 1–4. The Succession further alleges that those actions were part of a scheme by which Richard Lee and Holly Lee allegedly withheld information from the Succession, ratified prior conduct, adopted self-serving bylaws, vested Richard Lee with sweeping authority, and approved actions detrimental to TICI and its shareholders. See Record Document 1 at 8–15.

These alleged contacts are not merely actions taken by Holly Lee in her corporate capacity as a director that are unrelated to the claims at issue. Rather, the Succession alleges that her participation in board governance, communications, and formal corporate actions is part of the course of conduct constituting the alleged breaches of fiduciary duties. At the prima facie stage, this is sufficient to demonstrate purposeful availment.

The Court notes that the alleged contacts here are qualitatively different from the single phone call at issue in Total Imaging Concepts, Inc. v. Link. See 2024 WL 3445491, at *3. In that case, Judge Walter concluded that the nonresident defendant's only Louisiana contact sufficiently related to the underlying claim was a single telephone call informing a Louisiana resident of conduct that had already occurred elsewhere. See id. at *4–5. Although the Fifth Circuit has recognized that even a single phone call may, in

certain circumstances, support a finding of minimum contacts, the court emphasized that the call in that case did not itself constitute the alleged breach of fiduciary duty and was therefore insufficient to establish purposeful availment. See id.

Here, by contrast, the Succession alleges that Holly Lee participated in a series of Louisiana-directed governance activities that form part of the alleged wrongdoing. On the present record, Holly Lee's alleged conduct includes attending a shareholder meeting in Louisiana, engaging in repeated board-level communications directed into Louisiana, and executing and transmitting documents to Louisiana in furtherance of the challenged corporate actions. See Record Document 22 at 5–6. Accepting those allegations as true and resolving factual conflicts in the Succession's favor, the Court concludes that the Succession has made a prima facie showing that Holly Lee purposefully availed herself of the privilege of conducting activities in Louisiana.

Next, the Court must consider whether those contacts arise out of or relate to the underlying claims. Here, the Succession alleges that Holly Lee's Louisiana-directed actions as a director are themselves part of the alleged breaches of her fiduciary duties. The same board participation, meeting attendance, document execution, and alleged ratification of conduct that the Succession cites as Holly Lee's forum contacts are the acts giving rise to the claims asserted against her. See Record Document 1 at 5–8, 12–14 & Record Document 22 at 5–6. Therefore, the claims arise directly from or relate to those contacts.

Having found that the Succession has made a prima facie showing of minimum contacts that arise out of or relate to the claims at issue, the burden shifts to Holly Lee to show that the exercise of jurisdiction would be unfair or unreasonable. See Seiferth, 472

F.3d at 271. To guide consideration of this step, courts rely on the factors set forth in

Burger King Corp. v. Rudzewicz, which include:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

> 471 U.S. 462, 477 (1985) (internal citations and quotations omitted).

Applying those factors here, Holly Lee has not carried her burden. First, although litigating in Louisiana imposes a burden on Holly Lee as a Tennessee resident, that burden is not so substantial as to render jurisdiction unreasonable. Second, Louisiana has a strong interest in adjudicating disputes concerning the governance of its domestic corporations and alleged breaches of fiduciary duties by their directors. Third, the Succession, proceeding derivatively on behalf of TICI, has a significant interest in obtaining convenient and effective relief in the forum where the corporation is organized. Fourth, the interstate judicial system's interest in efficiency is served by resolving this dispute in a single forum. Finally, no countervailing policy considerations weigh against the exercise of jurisdiction.

Because Holly Lee has failed to demonstrate that the exercise of jurisdiction would be unfair or unreasonable, the Court finds that the assertion of specific personal jurisdiction comports with due process.

## CONCLUSION

Based on the reasons explained above, the Motion to Dismiss for Lack of Personal Jurisdiction (Record Document 17) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT